## LINCOLN MUTUAL INDEMNITY CO v SWEENEY

Ohio Appeals, 9th Dist, Summit Co

No 2206.  Decided Jan 19, 1933

Lahrmer & Hadley, Akron, for plaintiff in error.

Sheck & Stevens, Akron, for defendant in error.

PER CURIAM

To the claim of said policyholder, the company interposed several defenses and offered evidence in support of each one of them.

The policy introduced in evidence was a limited sick and accident policy, and provided for the payment, in case of sickness or accident, of the charges of physicians, surgeons, nurses, hospital expenses, etc. Evidence was offered by the policyholder to sustain his claim in regard to the expenses paid by him.  Some of these items were admitted by said company to be proper charges against it, and some of them as claimed by said policyholder were denied.

We have carefully read the entire record, and we are of the opinion that some of the smaller items were not covered by the policy.  The total amount of the claims presented aggregated approximately $1800, and one of the items in itself was sufficient, if properly allowable, to absorb the entire face of the policy.  There were no interrogatories submitted to the jury, to be returned with the general verdict, so we are unable to say from the evidence that the finding of the jury was improperly made and against the weight of the evidence.

One of the defenses made was that the company had not been served with notices as required by the policy.

The terms of the policy on that subject made that a jury issue, and we find that such issue was properly submitted to the jury and that the finding of the jury thereon is not manifestly against the weight of the evidence.

An important issue in the case was as to whether the defendant in error made false representations in the application upon which the policy was issued.

There was a conflict in the evidence upon that issue, and we fail to find that the determination of that issue by the jury is manifestly against the weight of the evidence.

It is further urged that on that issue the court charged the provisions of §9391 GC and that it was error to do so.

We do not find that the court charged the provisions of that section, and the charge of the court upon the subject of false representations was strictly in accordance with the issue as made by the pleadings and is free from prejudicial error.

Complaint is also made by the company as to the rejection of certain testimony offered by it, and especially in regard to the hypothetical question attempted to be propounded by its attorney, and also as to undue limitation in the cross-examination of one of the doctors who testified for said policyholder, and as to certain remarks made by the court during the trial and in the presence of the jury.

From our examination of the record in

regard to these matters, we do not find any prejudicial error, and upon the whole record we do not find that any error intervened prejudicial to said company and which would entitle it to a new trial.

Not finding any prejudicial errors in the record, we affirm the judgment.

PARDEE, PJ, WASHBURN and FUNK, JJ, concur in judgment.